UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ADA-JEAN TODD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 09-9-B-W |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

### REPORT AND RECOMMENDED DECISION[1]

This Supplemental Security Income ("SSI") appeal raises the questions of whether the administrative law judge erred in relying exclusively on the Medical-Vocational Guidelines, found in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid"); failed to consider the plaintiff's limited mathematics skill; and failed properly to analyze the plaintiff's inability to interact with others. I recommend that the court vacate the commissioner's decision.

In accordance with the commissioner's sequential review process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from bipolar disorder, an impairment that was severe but which did not meet or equal the criteria of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"), Findings 2-3, Record at 9; that she had the residual functional capacity to perform the physical demands of work at all

---

[1] This action is properly brought under 42 U.S.C. § 1383(c). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on September 17, 2009, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

exertional levels, but limited to simple, routine mental tasks, Finding 4, *id*. at 10; that she was unable to perform any of her past relevant work, Finding 5, *id*. at 12; that, given her age (a younger individual), education (10th grade), work experience, and residual functional capacity, using the Grid as a framework for decision-making resulted in the finding that there were jobs that existed in significant numbers in the national economy that she could perform, Findings 6-9, *id*.; and that the plaintiff therefore was not under a disability, as that term is defined in the Social Security Act, at any time since October 5, 2006, the date the application was filed, Finding 10, *id*. at 13. The Decision Review Board selected this decision for review, *id*. at 4, but did not complete its review during the time allowed, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 405.420(a)(2).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual functional capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I.  Discussion

### A.  Use of the Grid

The plaintiff first contends that the administrative law judge improperly relied exclusively on the Grid to make his decision at Step 5.  Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 9) at 2.

Despite the administrative law judge's assertion that he used the Grid only as a "framework for decision-making," Record at 12, it is clear that he relied solely on the Grid to support his decision.[2]  *Id.*  When a claimant is found to have a nonexertional impairment, the Grid may be used in this manner only when that impairment reduces the occupational base only marginally.  *Heggarty v. Sullivan*, 947 F.2d 990, 995-96 (1st Cir. 1991); 20 C.F.R. § 416.969a(c)(2).  The administrative law judge made no such finding in this case.  "[A]lthough a nonexertional impairment can have a negligible effect, ordinarily the ALJ must back such a finding of negligible effect with the evidence to substantiate it, unless the matter is self-evident."  *Seavey v. Barnhart*, 276 F.3d 1, 7 (1st Cir. 2001) (citation and internal quotation marks omitted).

However, the available authority suggests that in a case such as this, where the only limitation found is the non-exertional limitation to simple, routine mental tasks, there is no more than a marginal effect on the occupational base as a matter of law.  Thus, as a general rule, the mental capabilities required to perform unskilled work are (i) "[u]nderstanding, remembering, and carrying out simple instructions[,]" (ii) "[m]aking judgments that are commensurate with the functions of unskilled work – *i.e.*, simple work-related decisions[,]" (iii) "[r]esponding

---

[2] If the Grid had been used as a framework, the administrative law judge, who did not consult a vocational expert in this case, Record at 15-40, was required to demonstrate ample support in the record for the proposition that the nonexertional impairment at issue only marginally reduces the relevant occupational base.  *Ortiz v. Secretary of Health & Human Servs.*, 890 F.2d 520, 524-26 (1st Cir. 1989).  It might have been possible to demonstrate such a proposition in this case, but the administrative law judge made no attempt to do so, nor did the commissioner at oral argument.  The lack of such a demonstration, had the Grid had been used as a framework, would require remand.  *Fletcher v. Astrue*, 2009 WL 214579 (D. Me. Jan. 28, 2009), at *3-*4.

appropriately to supervision, co-workers and usual work situations," and (iv) "[d]ealing with changes in a routine work setting." Social Security Ruling 96-9p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2009), at 160-61. Accordingly, a single restriction to simple tasks would not be incompatible with resort to the Grid for a claimant limited to unskilled work.[3] *See Nixon v. Barnhart*, 2006 WL 1554673 (D. Me. Jun. 1, 2006), at *6; *Lassor v. Astrue*, 2007 WL 2021924 (D. Me. Jul. 11, 2007), at *5; *Falcon-Cartagena v. Commissioner of Soc. Sec.*, 21 Fed.Appx. 11, 14, 2001 WL 1263658 (1st Cir. Oct. 11, 2001), at **2.

None of the case law cited by the plaintiff in this regard, Itemized Statement at 3-4, addresses the propriety of the use of the Grid under these circumstances. The plaintiff's conclusion, based upon her attorney's calculation of the ratio between the number of unskilled occupations listed in the Dictionary of Occupational Titles (U.S. Dep't of Labor, 4th rev. ed. 1991) and the number of those occupations assigned a reasoning level of one, Itemized Statement at 4, fails to address the number of jobs, rather than the number of occupations, available to the plaintiff with or without the assigned restrictions, which is the issue at Step 5. It also assumes that the DOT is totally compatible with the Grid, a regulation created by an entirely separate government agency. It is not. *See, e.g., Meissl v. Barnhart*, 403 F.Supp.2d 981, 984 (C.D.Cal. 2005). In addition, the plaintiff's argument ignores applicable First Circuit case law.

In *Garcia-Martinez v. Barnhart*, 111 Fed.Appx. 22, 23, 2004 WL 2240136 (1st Cir. Oct. 1, 2004), at **1, the First Circuit held that a mental impairment that limited a claimant to work of a routine, repetitive nature that did not involve undue pressure or interactions with the public did not preclude use of the Grid as a framework. *See also Ortiz v. Apfel*, 55 F.Supp.2d 96, 101-02 (D. P.R. 1999). The court's discussion is equally applicable to a case in which the administrative law judge applies the Grid directly. The plaintiff's mental limitations in the

[3] The administrative law judge found that the plaintiff had no transferable skills. Finding 8, Record at 12.

instant case were less severe than those in *Garcia-Martinez*. The use of the Grid in this case, while not the preferable approach, was not reversible error.

### B.  Difficulty with Mathematics

The result is different, however, with respect to the other issues raised by the plaintiff. She contends that the administrative law judge failed to take into account her difficulty with basic mathematics "as she and her mother testified." Itemized Statement at 5. She does not tie this alleged difficulty to any medical evidence in the record. The only mental impairment found to exist by the administrative law judge, bipolar disorder, does not obviously result in difficulty with basic mathematics. Ordinarily, in order for limitations to be considered at Step 5, those limitations must be tied to a specific impairment. *See generally* 20 C.F.R. § 416.929.

Even if that were not the case with respect to mathematical ability, the administrative law judge found that the plaintiff had a tenth-grade education. Record at 12. By regulation, that corresponds to a "limited education," which means "ability in . . . arithmetic . . ., but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs." 20 C.F.R. § 416.964(b)(3). The plaintiff was limited to unskilled jobs by the administrative law judge's finding that she lacked transferable skills, Record at 12, which is consistent with the education finding.

In order to overcome this implied rejection of the plaintiff's claim that she "has difficulty with basic mathematical ability," Itemized Statement at 5, the plaintiff must submit evidence to contradict the regulatory presumption to the contrary, 20 C.F.R. § 416.964(b). The case law suggests that the testimony of the plaintiff and her mother in this case was sufficient to require the administrative law judge at least to consider the possibility that the plaintiff's difficulty with basic mathematics was an additional limitation on her ability to work. *See, e.g., Kimbell v.*

5

*Astrue*, 2008 WL 5210837 (W.D. Ark. Dec. 10, 2008), at *4-*5; *Perham v. Barnhart*, 2004 WL 1529287 (D. Me. June 24, 2004), at *5; *Rayton v. Chater*, 1997 WL 263738 (D. Kan. Apr. 21, 1997), at *3. Such consideration of the plaintiff's difficulty should be undertaken on remand.

### C. Interacting with Others

The plaintiff also argues that the occupational base available to her was also reduced by her "problems interacting with the public and dealing with criticism." Itemized Statement at 5.[4] The administrative law judge found that the plaintiff had a moderate degree of restriction in social functioning, Record at 9, 10 (characterizing the effect of the mental impairment as "problems with social interaction"), and that her "moderate limitations in social interaction and concentration ... would prevent her from returning to her past relevant work," *id*. at 12. But, unless such limitations are necessarily subsumed by a limitation to "simple, routine mental tasks," *id*. at 10, he fails to consider them at Step 5, as he is required to do. I have not located any authority for the proposition that moderate restrictions on social interaction are part and parcel of a limitation to simple, routine tasks. To the contrary, they appear to me to be two separate concepts. On remand, the administrative law judge should consider separately the effect of this moderate restriction at Step 5.

### II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case remanded for further proceedings consistent with this opinion.

---

[4] The itemized statement contains no further mention of any "problem[] . . . dealing with criticism," and I therefore will not consider it further as a possible restriction on the occupational base available to the plaintiff.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of September, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge